Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-8798-14-G

| | | |
|---|---|---|
| RANDY JARVIS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| SOUTH TEXAS COLLEGE, | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Randy Jarvis ("Plaintiff" or "Professor Jarvis"), and files this Plaintiff's Original Petition, complaining of South Texas College (the "College" or "Defendant"), and in support thereof would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1 Discovery is intended to be conducted under Level Three (3) pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. PARTIES

2.1 Plaintiff, Randy Jarvis, is a resident of Hidalgo County, Texas. The last three digits of Plaintiff's Illinois driver's license are 048. The last three digits of Plaintiff's social security number are 374.

2.2 Defendant, South Texas College, is a college organized and existing pursuant to the laws of the State of Texas. The address of its administrative offices is 3201 W. Pecan Blvd., McAllen, Texas 78501. Defendant may be served with process by serving its President, Dr. Shirley Reed, at the foregoing address.

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



## III. JURISDICTION

3.1 This Court has subject matter jurisdiction over this action because the amount in controversy is within the jurisdictional limits of this Court.

3.2 Pursuant to TEX. R. CIV. P. 47, Plaintiff presently seeks $45,000 in damages, $15,000 in attorneys' fees, and equitable/non-monetary relief.

3.3 This Court has personal jurisdiction over Defendant because this suit, in part, concerns statutory and constitutional violations and acts or omissions of Defendant in the State of Texas.

## IV. VENUE

4.1 Venue is proper in Hidalgo County, Texas, pursuant to section 15.002(a)(1) of the Texas Civil Practice & Remedies Code as the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and pursuant to section 15.002(a)(3) as the county of Defendant's principal office in this State. TEX. CIV. PRAC. & REM CODE. §§ 15.002(a)(1), (3).

## V. FACTS

5.1 Beginning in 2000, Professor Jarvis has served South Texas College as professor of sociology, department chair, president of faculty senate, vice-president of faculty senate, president of the counsel of chairs, and chair of the college-wide curriculum and program review committee.

5.2 Plaintiff's performance reviews, both as professor and department chair, have been consistently excellent, as have his student evaluations. He has received several distinctions, including three Jaguar Excellence Awards.

5.3 Plaintiff is a United States Army and Army National Guard veteran with service-connected disability of 90 percent. Seventy percent of Plaintiff's disability is based on his mental

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



health condition, which has been diagnosed as depressive disorder and Post-Traumatic Stress Disorder (PTSD). South Texas College's human resources department was aware of Plaintiff's disability, and in or around October 2010, and again in May 2012, Plaintiff was granted time off due to his disability.

5.4 During the summer of 2014, Professor Jarvis dealt with physical and emotional stress that exacerbated his condition. On June 23, 2014, Plaintiff's father passed away. Plaintiff went to Illinois where, as executor of his father's will, Plaintiff helped his mother deal with medical debts in addition to claims by the city and by family members. He performed strenuous physical labor to help clear his father's property and liquidate assets, causing him to rely more heavily on pain medication.

5.5 Despite these events, Professor Jarvis taught an online course for South Texas College the first summer session of 2014.

5.6 By July 1, 2014, Professor Jarvis contacted Dr. Margaretha Bischoff, Dean of Liberal Arts and Social Sciences, to apprise her of the situation in Illinois, and to let her know that he would not return to McAllen, Texas for the second summer session as planned, where he would have resumed his duties as chair and taught a class on campus. However, Mr. Jarvis still taught an online class during the second summer session.

5.7 While Professor Jarvis was out of state, the College mailed him a contract to his Texas address. He received a notice by email on July 10 that the contract was being mailed to him and that it had to be signed and returned by August 1. Professor Jarvis had not been home in Texas since May 2014.

5.8 In July 2014, Professor Jarvis experienced more tragic events. Plaintiff's mother was taken to the hospital by ambulance for the second time that summer with cardiac and

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



respiratory issues; Plaintiff's close friend died on July 28, and the funeral was on July 30; and Plaintiff's close friend and mentor died on July 31.

5.9 On August 1, Professor Jarvis attempted to reach his psychologist, but her voice-mailbox was full. On August 7, 2014, he went to the VA hospital in Iowa City due to the pain and stress, where he received pain medication (in addition to the Vicodin he was already taking), Ambien to help him sleep, and a shot for degenerative damage to the vertebrae that was causing pressure to the nerves in his neck. While he was at the hospital, he learned that his uncle—his mother's only sibling—had died.

5.10 On Sunday, August 3, Dean Bischoff called Professor Jarvis in Illinois. Dean Bischoff apologized for not calling him the week before to make sure that he turned in his contract by August 1. Dean Bischoff told him "Don't worry; you've got a job." She told him she would contact HR to see if they would make an exception and let him turn in his contract, or "at the very minimum, you will have a full-time temporary position." Dean Bischoff told him a permanent position would come open soon, and that he would be back to his normal status "in no time."

5.11 Over the next week, Dean Bischoff informed Professor Jarvis that there would be no exception made, and also that he needed to go through a formal application process to apply for full-time temporary position. In the past, full-time temporary professors could be hired simply by a memo from a department chair. In fact, Professor Jarvis had made such hires himself. Professor Jarvis, however, was required to fill out an application, provide references, transcripts, and eventually was told there would be a credential review.

5.12 Beginning August 3, 2014, Professor Jarvis emailed and left daily messages with South Texas College's Director of Human Resources, Brenda Balderaz, who did not return his

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



phone calls until August 8, when he reported to Vice-President Maria Elizondo's office that Ms. Balderaz had not responded to his messages.

5.13 On August 6, 2014, Professor Jarvis specifically asked Dean Bischoff that the College make a reasonable accommodation to permit his late signing of his contract. On August 8, 2014, when Ms. Balderaz finally returned his calls, he asked her that he be granted the reasonable accommodation of permitting him to sign and turn in the contract that had been due August 1.

5.14 On August 8, 2014, Ms. Balderaz told Professor Jarvis that the College did not want to set a precedent of letting people turn in their contracts late, but since he was asking for a reasonable accommodation, she would turn it over to legal and get back to him. She also told him to put his request in an email, which he did.

5.15 On August 15, 2014, Professor Jarvis arrived back in McAllen early in the morning. His contract was not in his mailbox, and the post office was not open, so he went to the College's human resources department. Ms. Balderaz was reluctant to give him a copy of his contract, and after waiting for 20 to 25 minutes Professor Jarvis went to retrieve his mail. At that point, he called Ms. Balderaz to tell her he had his original contract, and she told him that if he wanted he could still come in to pick a copy up from her office.

5.16 Professor Jarvis returned to campus and went to human resources. The receptionist had a copy of his contract, but would only give it to him if he signed a sworn acknowledgement that he had violated the deadline for signing his contract. He refused to sign it.

5.17 At 1:30 p.m. on August 15, Professor Jarvis met with Dean Bischoff. They first dealt with the paperwork needed for him to be hired as a full-time temporary faculty member. Then she said, "Let's have a talk. You've been under a lot of stress. I can give you all online

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



classes this semester. As dean, I can even see that you have all online classes next semester. And being chair of the department is very stressful." Professor Jarvis asked for the weekend to think about it. She told him he could think about the online assignments, but that the decision taking away his department chair position was hers to make, and had already been made.

5.18 On Friday, August 15, 2014, Professor Jarvis consulted with his attorney, Frank Hill. On the same day, Mr. Hill sent a letter via email to College President Dr. Shirley Reed, with a copy to Ms. Balderaz requesting a reasonable accommodation to allow Professor Jarvis to execute and return a regular, full-time employment contract.

5.19 On Sunday, August 17, 2014, Dr. Bischoff called Professor Jarvis and told him that the College had received a letter from Professor Jarvis's attorney. Dr. Bischoff said, "That means I am rescinding the Full-Time Temporary position. You do not have a job." She told him not to show up to campus, which he would otherwise have done the following day on Monday, August 18, and specifically told him she would handle the department meeting on Wednesday. She stated, "It's in the hands of legal now."

5.20 On or about August 21, 2014, Professor Jarvis timely filed an employment discrimination complaint with the Texas Workforce Commission (TWC) and the Equal Employment Opportunity Commission (EEOC) alleging discrimination on the basis of disability and retaliation for hiring legal counsel and asserting his rights under the Americans with Disabilities Act of 1990.

5.21 On September 5, 2014, Plaintiff's attorney Mr. Hill requested a due process hearing via letter to College President Dr. Shirley Reed and Human Resources Director Brenda Balderaz. Mr. Hill also sent letters to Defendant's counsel on September 22 and 29 requesting a due process

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



hearing. Defendant's counsel sent a reply letter on October 3, 2014 stating that the College denied that Mr. Jarvis was entitled to a due process hearing.

5.22 At this time, Plaintiff has not received a response from the TWC or the EEOC. Upon receipt of a response from the TWC and/or the EEOC, Plaintiff will amend his petition accordingly.

## VI. CAUSES OF ACTION

6.1 ***Alternative Pleadings***. To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### A. Defendant Violated Chapter 21 of the Texas Labor Code

6.2 To the extent necessary, Sections I through V of this Petition are fully incorporated herein by this specific reference as though fully set forth herein.

6.3 The College violated Chapter 21 of the Texas Labor Code[1] by refusing to provide Professor Jarvis with a reasonable accommodation when the College knew he had a disability. *See Tex. Dep't of Family & Protective Servs. v. Howard*, 429 S.W.3d 782, 789 (Tex. App.—Dallas 2014), *reh'g overruled (May 8, 2014)* (citing *Davis v. City of Grapevine*, 188 S.W.3d 748, 758 (Tex. App.—Fort Worth 2006)).

> It is an unlawful employment practice . . . to fail or refuse to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability who is an employee or applicant for employment, unless the respondent demonstrates that the accommodation would impose an undue hardship on the operation of the business of the respondent.

TEX. LABOR CODE ANN. § 21.128(a) (Vernon 2013).

[1] Chapter 21 is also known as the Texas Commission on Human Rights Act. TEX. LABOR CODE ANN. § 21.001 *et seq.*

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



6.4 Professor Jarvis is an individual with a disability within the meaning of Texas Labor Code sections 21.0021 and 21.002(6) and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12102. Professor Jarvis had been diagnosed with depressive disorder and PTSD. The College's Human Resources Department was aware of Plaintiff's disability because he was previously granted time off due to his disability in or about October 2010 and May 2012. During the summer of 2014, Dean Bischoff was aware that Professor Jarvis had been under a lot of stress. Professor Jarvis was qualified for the position; he successfully taught at the College for 14 years. With reasonable accommodations, Professor Jarvis could have performed the essential functions of the job as he had done before. However, the College refused to provide Professor Jarvis with a brief extension to sign and return his contract when he was out of state dealing with serious personal and family issues. This would not have imposed an undue hardship on the College. The College simply refused to provide Professor Jarvis with the requested reasonable accommodation.

6.5 Further, The College discriminated against Professor Jarvis on the basis of his disability by failing to hire him for a full-time temporary position and/or limiting, segregating, or classifying him in a manner that would tend to deprive him of an employment opportunity. TEX. LABOR CODE ANN. § 21.051(1), (2) (Vernon 2013). Dean Bischoff told Professor Jarvis that he had a job with the College or, at the minimum a full-time temporary position. However, the College made Professor Jarvis go through a formal application process to apply for a full-time temporary position even the College routinely hired full-time temporary professors simply by a memo from a department chair. After the College required Professor Jarvis to go through this formal process, the College failed to hire him.

6.6 As a result of Defendant's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover from Defendant in an amount that is within the jurisdictional limits of this

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



Court and to recover any and all other remedies afforded and/or available, including but not limited to injunctive relief, equitable relief, and Plaintiff's attorneys' fees and costs.

### B. <u>The College Retaliated against Plaintiff for Requesting a Reasonable Accommodation</u>

6.7 To the extent necessary, Sections I through V of this Petition are fully incorporated herein by this specific reference as though fully set forth herein.

6.8 The College retaliated against Professor Jarvis by rescinding its employment offer because Professor Jarvis requested a reasonable accommodation. An employee who requests a reasonable accommodation has engaged in "protected activity" for purposes of an ADA retaliation claim. *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 908 (8th Cir. 2010); *Carreras v. Sajo, Garcia & Partners,* 596 F.3d 25, 35-36 (1st Cir.2010). Part of the purpose of Chapter 21 of the Texas Labor Code is to "provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments (42 U.S.C. Section 12101 *et seq*.)" and "to secure for persons in this state, including persons with disabilities, freedom from discrimination in certain employment transactions." TEX. LABOR CODE ANN. §§ 21.001(3), (4) (Vernon 2013). When analyzing a claim brought under Chapter 21 of the Texas Labor Code, courts look to analogous federal statutes and the cases interpreting those statutes. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

6.9 On August 6, 2014, Professor Jarvis asked Dean Bischoff that the College make a reasonable accommodation to permit his late signing of his contract. On August 8, 2014, Professor Jarvis asked Ms. Balderaz that he be granted the reasonable accommodation of permitting him to sign and turn in the contract that had been due August 1. On Friday, August 15, 2014, Professor Jarvis's attorney sent a letter to the College's President Dr. Shirley Reed and Ms. Balderaz

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



requesting a reasonable accommodation to allow Professor Jarvis to execute and return a regular, full-time employment contract. Then, only two days later, Dr. Bischoff called Professor Jarvis and told him that because they had received a letter from his attorney, which requested a reasonable accommodation, Dr. Bischoff was rescinding the Full-Time Temporary position and that Professor Jarvis did not have a job.

6.10 As a result of Defendant's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover from Defendant in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available, including but not limited to injunctive relief, equitable relief, and Plaintiff's attorneys' fees and costs.

### C. Breach of Contract

6.11 To the extent necessary, Sections I through V of this Petition are fully incorporated herein by this specific reference as though fully set forth herein.

6.12 Defendant breached Plaintiff's contract of employment by failing to follow its own policies and procedures. Defendant's policies became part of Plaintiff's contract. South Texas College Policy 4206 states, "During any aspect of the employment process, including . . . hiring [and] . . . transfer . . . the College shall consider the issues of a reasonable accommodation to the known physical or mental disability or disabilities of an otherwise qualified handicapped or disabled person."[2] During the process of Plaintiff's contract renewal, the College failed to provide a reasonable accommodation to Professor Jarvis's disabilities that the College knew about.

6.13 Defendant also breached Plaintiff's contract of employment by ending Plaintiff's employment without good cause and without proper notice after (1) the College issued Plaintiff a

---

[2] South Texas College Board Policies are available online. *See* http://admin.southtexascollege.edu/president/policies/pdf/4000/4206.pdf

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



letter of appointment for the 2014-2015 school year, and (2) Dean Bischoff told Plaintiff he had a job.

6.14 As a result of Defendant's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover from Defendant in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available, including but not limited to injunctive relief, equitable relief, and Plaintiff's attorneys' fees and costs.

**D. <u>Defendant Violated the Texas Constitution</u>**

6.15 To the extent necessary, Sections I through V of this Petition are fully incorporated herein by this specific reference as though fully set forth herein.

6.16 Defendant deprived Plaintiff of his right to procedural and substantive due process by refusing to provide Plaintiff with a full due process hearing. Tex. Const. art. I, § 19. Despite Plaintiff's request for such a hearing, Defendant deprived and/or improperly diminished: (1) Plaintiff's protected property interest in his contract, his performance thereof, and his rights thereunder and (2) Plaintiff's protected property interest in Defendant's policies, procedures, guidelines, rules, and/or regulations.

6.17 Additionally or alternatively, Defendant violated Plaintiff's right to procedural due process by failing to provide him any meaningful opportunity to be heard. Plaintiff was entitled to a hearing and an opportunity for redress of his claims discrimination and retaliation, which are provided for by law; however, Defendant refused to provide Plaintiff with the minimal procedural due process and/or the procedural redress system incorporated into Defendant's policies, procedures, guidelines, rules, and/or regulations, effectively denying Plaintiff the due process rights to which he is entitled under the Texas Constitution.

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



6.18 All of the wrongful conduct described herein was caused by policymakers of Defendant, including President Dr. Shirley Reed, HR Director Brenda Balderaz, VP of Finance Maria Elizondo, and Dean of Liberal Arts and Social Sciences Dr. Margaretha Bischoff. Dr. Reed's and Ms. Balderaz's conduct was sanctioned, through action and/or inaction, by Defendant's Board of Trustees and Defendant's counsel, all singularly or collectively acting as policymakers for Defendant in this case.

6.19 As a result of Defendant's conduct, Plaintiff has been injured and/or damaged, and hereby seeks to recover from Defendant in an amount that is within the jurisdictional limits of this Court and to recover any and all other remedies afforded and/or available, including but not limited to injunctive relief, equitable relief, and Plaintiff's attorneys' fees and costs.

## VII. REQUESTED RELIEF

7.1 Plaintiff seeks equitable relief from Defendant, including but not limited to full reinstatement with back pay and benefits, and any other relief to which Plaintiff may show himself to be justly entitled.

7.2 In addition, Plaintiff seeks an order from this Court enjoining Defendant from discriminating against its employees or applicants based on their disabilities, and from retaliating against its employees or applicants for requesting reasonable accommodations. Plaintiff has suffered and will suffer irreparable harm if Defendant is not enjoined as requested, and Plaintiff is without any other adequate remedy at law.

## VIII. FEES, COSTS, AND INTEREST

8.1 As a result of Defendant's unlawful actions set forth herein, Plaintiff was required to retain the firm of Hill Gilstrap, P.C. to represent his interests. Plaintiff seeks and is entitled to

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



recover of and from Defendant all reasonable and necessary attorneys' fees, costs incurred, and pre- and post-judgment interest as permitted by law in equity.

## IX. CONDITIONS PRECEDENT

9.1 All conditions precedent to the relief being sought by Plaintiff in this petition have been performed, have occurred, or have been waived.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to TEX. R. CIV. P. 216, Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Randy Jarvis respectfully prays that Defendant South Texas College be cited to appear and answer and, that on final trial, Plaintiff recover judgment against Defendant and be awarded:

(1) any and all amounts recoverable in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendant, including but not limited to reinstatement with full back pay and benefits;

(2) Plaintiff's litigation expenses and costs, including but not limited to his reasonable and necessary attorneys' fees and costs;

(3) pre- and post-judgment interest at the maximum rate permitted by law;

(4) costs of court; and

(5) such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Electronically Filed
12/19/2014 10:40:32 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla



Respectfully submitted,

/s/ Frank Hill

Frank Hill State Bar No. 09632000
Scott Thomas State Bar No. 24075624

HILL GILSTRAP, PC
1400 W. Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 Fax

**ATTORNEYS FOR PLAINTIFF**